**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Monzell L. Hicks, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:17-cv-03320-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Greenwood County Detention Center, | ) | **ORDER** |
| Donna Miller, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on review of the Magistrate Judge's Report and
Recommendation ("Report") (ECF No. 14), filed on February 13, 2018, recommending that
Defendant Greenwood County Detention Center be dismissed as a party from this case because it
is not a legal entity amenable to suit for constitutional claims.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local
Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a
recommendation to this court, which has no presumptive weight. The responsibility to make a
final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).
The court is charged with making a *de novo* determination of those portions of the Report to which
specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 14 at 7),
but neither party did so.

In the absence of objections to the Magistrate Judge's Report, this court is not required to
provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199
(4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct

a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Defendant Greenwood County Detention Center is not a proper party to this case because it is not a person, and only persons can be liable for claims under Section 1983. (*See* ECF No. 14 at 5 (collecting cases).) For this reason, the court **ACCEPTS** the Report (ECF No. 14), **DISMISSING** Greenwood County Detention Center as a party to this case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 28, 2018
Columbia, South Carolina